```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

Thomas Harris                  :
                               :
v.                             :   Civil Action: WMN-08-2266
                               :
United States of America       :
                               :

## MEMORANDUM

Pending before the Court is a motion for partial summary judgment filed by Plaintiff Thomas Harris, Paper No. 18, and a counter motion for summary judgment filed by Defendant United States of America. Paper No. 24. These motions are fully briefed. Upon a review of the motions and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that both Plaintiff's motion and Defendant's motion will be denied.

## I.  FACTUAL & PROCEDURAL BACKGROUND

The undisputed facts are as follows. On April 21, 2007, at approximately 2:30 PM, Plaintiff Thomas Harris was traveling on his motorcycle eastbound on Dolfield Road towards Owings Mills, Maryland. Pl.'s Mot. at 1. Dolfield Road is a two-lane road with eastbound and westbound lanes. Id. The two lanes are separated by a double yellow line. Def.'s Opp'n, Ex. 4 ("Harris Dep.") at 63. In addition there is no shoulder on either side of the road. Id. at 2.

While traveling on Dolfield Road, Plaintiff approached Nikia Green as she was operating a United States Postal Service (USPS) Vehicle in her capacity as an employee of Defendant United States.  Plaintiff was traveling between 25 and 28 miles per hour.  Id. at 57.  At the time that Harris first observed Green, the USPS vehicle was pulled off slightly to the right of the road and had its hazard lights on.  Def.'s Opp'n, Ex. 5 ("Green Dep.") at 62.  The USPS vehicle was stopped and Green was delivering mail in the eastbound lane of Dolfield Road.  Def.'s Opp'n, Ex. 6 (deposition of Dallas Jenkins) at 20.  Because the steering wheel was located on the right side of the USPS vehicle, Green was traveling with the flow of traffic during her delivery operations.  Green Dep. at 14.

Plaintiff, seeing that Green was in the process of delivering mail, decided to pass her while remaining in the right lane.  Harris Dep. at 62.  As Plaintiff began to pass the USPS truck, Green executed a left turn and the two vehicles collided.

On May 8, 2009, Plaintiff filed his motion for partial summary judgment on the issue of Defendant's primary liability.  Defendant opposed this motion and filed its own motion for summary judgment on the issue of contributory negligence.

**II.   STANDARD OF LAW**

A moving party is entitled to summary judgment only upon showing that there exists no genuine issue as to any material fact, and entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(c); Blue Ridge Ins. Co. v. Puig, 64 F. Supp. 2d 514, 515 (D. Md. 1999) (citing, inter alia, Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

When both parties file motions for summary judgment, the court applies the same standard of review. Taft Broadcasting Co. v. United States, 929 F.2d 240, 248 (6th Cir. 1991); see also ITCO Corp. v. Michelin Tire Corp., 722 F.2d 42, 45 n.3 (4th Cir. 1983) ("The court is not permitted to resolve genuine issues of material facts on a motion for summary judgment – even where . . . both parties have filed cross motions for summary judgment.") (emphasis omitted). The role of the court is to "rule on each party's motion on an individual and separate basis, determining, in each case, whether a judgment may be entered in accordance with the Rule 56 standard." Towne Mgmt. Corp. v. Hartford Accident and Indemn. Co., 627 F. Supp. 170, 172 (D. Md. 1985) (quoting Wright, Miller & Kane, Federal Practice and Procedure: Civil 2D § 2720.

**III.  DISCUSSION**

Plaintiff alleges that he is entitled to summary judgment as to Defendant's primary liability because Green violated her common law duty of care, a number of statutes, and USPS policy.

3

Pl.'s Mot. at 4.  Underlying each of these arguments is Plaintiff's assertion that Green should have seen him approaching on his motorcycle behind her before she turned the USPS vehicle left across the road.  Plaintiff supports this argument by stating that the USPS vehicle's mirrors generally should have allowed Green to see objects behind her vehicle.  This evidence, however, is contradicted by Green's testimony that she in fact checked all of her mirrors before turning, Green Dep, at 70, and that she did not see or hear Plaintiff's motorcycle until the accident occurred.  Id. at 37, 38, 55.

Plaintiff also argues that Green acted unreasonably in failing to activate her turn signal before she turned left across Dolfield Road.  The evidence on this point, however, like the evidence above, is not undisputed.  Green testified that she could not remember whether she activated her turn signal.  Id. at 65.  A witness to the accident, Dallas Jenkins, testified that he did not pay attention to whether the USPS vehicle had used its left turn signal. Jenkins Dep. at 36, 41.  Moreover, when asked whether Green had signaled, Plaintiff himself stated that he did not know because her hazards were on.  Harris Dep. at 67-68.  Accordingly, because there are genuine disputes of material fact that must be fleshed out at trial, the Court must deny Plaintiff's motion for partial summary judgment.

4

Defendant, in addition to filing its opposition to Plaintiff's motion, has also filed its own motion for summary judgment on the issue of contributory negligence. Under Maryland law, the rule to be applied in determining whether the facts justify a holding that the plaintiff was guilty of contributory negligence as a matter of law is that "the act so relied on must be distinct, prominent and decisive, and one about which reasonable minds would not differ in declaring it to be negligence." Miller v. Mullenix, 176 A.2d 203, 204 (Md. 1961). Defendant argues that Plaintiff's violation of two statutory rules of the road require this Court to find that he was contributorily negligent as a matter of law.

Under Maryland law, the violation of a statute or ordinance is evidence of negligence, not negligence per se. Polakoff v. Turner, 869 A.2d 837, 844-45 (Md. 2005); see also Absolon v Dollahite, 831 A.2d 6, 9 (2003) (stating that it is a "long established general rule in Maryland that the violation of a statutory duty is only evidence of negligence, but does not establish negligence per se") (internal citations omitted). Thus, evidence of negligence does not ipso facto equate to liability. Before a plaintiff can be found liable for contributory negligence, the trier of fact must determine whether the plaintiff acted reasonably given the circumstances.

In this case, Defendant alleges that Plaintiff violated two statutes: (1) Md. Code Ann. Transp. § 21-1303(c) which states that "the operator of a motorcycle may not overtake and pass in the same lane occupied by the vehicle being overtaken; and (2) Md. Code Ann. Transp. § 21-303(b) which requires the driver of a vehicle overtaking another vehicle that is going in the same direction to do so "at a safe distance."  According to Plaintiff's deposition, he clearly violated the first statute by passing Green's USPS truck in the same lane.[1]  As noted above, however, such a violation is only <u>evidence</u> of negligence and this Court could find Plaintiff contributorily negligent as a matter of law only if his act, in violating the above-noted statute, was "distinct, prominent and decisive" and one "which reasonable minds would not differ in declaring it to be negligence."  That is simply not the case here.  Plaintiff testified that Green was pulled off to the side of the road with her hazard lights on. Under these conditions, a reasonable person could assume, as Plaintiff alleges he did, that the USPS truck was going to remain stationary for an extended period of time.  Additionally, even if Green had activated her left turn signal, it is undisputed that she had her hazard lights on and Plaintiff could not have seen her left turn signal.  Accordingly, liability for

---

[1] Whether Plaintiff violated the second statutory provision, depends on a reasonable fact-finder's interpretation of "safe distance" and will not be addressed in this memorandum.

6

contributory negligence will depend on the fact-finder's determination regarding whether Plaintiff acted reasonably under all the circumstances and the Court must deny Defendant's motion for summary judgment on the issue of contributory negligence.

**IV.  CONCLUSION**

For the reasons stated above, both Plaintiff's motion and Defendant's counter motion will be denied.  A separate order will issue.

                                            _____/s/_____
                                            William M. Nickerson
                                            United States District Judge

Dated: September 23, 2009